FILED
2016 Mar-31 AM 11:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION**

| | | |
|---|---|---|
| **GLORIA RODGERS, as Administrator of the Estate of JOHN RODGERS,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: CV1:14-00605-RBP** |
| **AWB INDUSTRIES, INC. d/b/a AIRCRAFT TOOL SUPPLY COMPANY, a corporation, MCFARLANE AVIATION INC., a corporation,** | ) | |
| **Defendants.** | ) | |

---

**DEFENDANT, MCFARLANE AVIATION'S, MOTION FOR SUMMARY JUDGMENT**

---

**COMES NOW**, the defendant, McFarlane Aviation, Inc. ("McFarlane"), pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and moves this Court for an order granting summary judgment in favor of McFarlane on all plaintiff's claims on the basis there are no genuine issues of material fact, and McFarlane is due judgment as a matter of law. In support of its Motion for Summary Judgment McFarlane submits the following:

## I. SUMMARY

On July 19, 2012, plaintiff's decedent, John Rodgers (hereinafter "Rodgers"), a highly trained and experienced aircraft mechanic, was injured and soon thereafter died when he was struck by the propeller of an airplane he was working on an Anniston Aviation. Plaintiff's Amended Complaint asserts claims against defendant AWB, which does business as Aircraft Tool Supply Company (hereinafter "ATS"), and McFarlane. ATS manufactured a 2E-M Differential Compression Tester Rodgers was using on the day of the accident. The ATS 2E-M compression tester is used by mechanics to test compression in the cylinders of airplane engines. McFarlane sold a compression test extender ("extender") that could be used instead of a spark plug adapter to perform compression tests with the ATS tester. Plaintiff alleges Rodgers was preparing to perform a compression test at the time of the accident. Plaintiff asserts claims against ATS and McFarlane under the Alabama Extender Manufacturer's Liability Doctrine ("AEMLD"), and claims for breach of warranty, negligence and wantonness. (Doc. 13, Amended Complaint).

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

McFarlane incorporates by reference its Statement of Undisputed Material Facts submitted in its Defendant's Brief in Support of Motion for Summary Judgment as if fully set forth herein. McFarlane also incorporates by reference the

evidentiary materials submitted with Defendant's Brief in Support of Motion for Summary Judgment as if fully set forth herein.

## III. DISCUSSION OF LEGAL AUTHORITIES

McFarlane is entitled to summary judgment as to plaintiff's claims because: (a) Rodgers' contributory negligence in causing the accident bars plaintiff's AEMLD and negligence claims; (b) Rodgers' assumption of the risk of injury bars plaintiff's AEMLD and negligence claims; (c) Rodgers' potential misuse of the extender at the time of the accident bars plaintiff's AEMLD claim; (d) use of the extender was not the proximate cause of the accident; (e) no warning was required regarding the extender because any alleged danger was open and obvious; (f) McFarlane did not breach any warranty regarding the extender; and (g) McFarlane was not guilty of wantonness in selling the extender.

### A. Contributory Negligence bars Plaintiff's AEMLD and Negligence claims.

McFarlane is entitled to summary judgment on the AEMLD and negligence claims because Rodgers' own negligence, connecting unregulated air to the extender while standing in the arc of the propeller, contributed to the cause of the accident. "In order to establish contributory negligence, the defendant bears the burden of proving that the plaintiff 1) had knowledge of the dangerous condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to exercise reasonable care, by placing himself in the way of danger..."

*Garrie v. Summit Treestands, LLC*, 50 So. 3d 458, 466 (Ala. Civ. App. 2010) (citation omitted). "A plaintiff is contributorily negligent in handling a defective product when he or she fails to use reasonable care with regard to that product." *Gen. Motors Corp. v. Saint*, 646 So. 2d 564, 568 (Ala. 1994).

Rodgers was contributorily negligent as a matter of law because he failed to exercise reasonable care. Rodgers was highly experienced, licensed aircraft mechanic and pilot who had performed hundreds, if not thousands of compression tests prior to the accident in this case. *See* Depo. Maddox, pp. 68-69. Rodgers was contributorily negligent because he partially connected an unregulated air hose directly to the extender and thus applied air to the cylinder while within the arc of the propeller. *See* Depo. Maddox, p. 70. In *Burleson v. RSR Grp. Florida, Inc.*, 981 So. 2d 1109 (Ala. 2007), the Alabama Supreme Court granted summary judgment to a gun manufacturer, RSR, finding that the decedent was contributorily negligent by handling a revolver without the safety engaged. *Id*. at 113-14. Likewise, in this case, Rodgers was contributorily negligent by standing in the propeller arc when he connected an unregulated air hose to the extender. Therefore, McFarlane is entitled to summary judgment on the AEMLD and negligence claims.

**B. Assumption of the risk bars plaintiff's claims.**

Assumption of the risk requires that the defendant prove (1) that the plaintiff had knowledge of, and an appreciation of, the danger the plaintiff faced; and (2)

that the plaintiff voluntarily consented to bear the risk posed by that danger. *Ex parte Potmesil*, 785 So. 2d 340, 343 (Ala. 2000). Rodgers assumed the risk of injury because he was a licensed and experienced mechanic who had been trained regarding the danger of standing in the arc of the propeller. There is no dispute Rodgers voluntarily assumed the risk of being struck by standing in the arc of the propeller when he introduced unregulated air into the cylinder. Therefore, McFarlane is entitled to summary judgment on the AEMLD and negligence claims.

**C. Misuse bars plaintiff's AEMLD claim.**

McFarlane is entitled to summary judgment on the AEMLD claim because Rodgers misused the extender by partially attaching unregulated air to it while standing in the propeller arc. "A plaintiff misuses a product when he or she uses it in a manner not intended or foreseen by the manufacturer…" *Culpepper v. Weihrauch*, 991 F. Supp. 1397, 1399 (M.D. Ala. 1997). In *Mendez v. Honda Motor Co.*, 738 F. Supp. 481 (S.D. Fla. 1990), the court granted summary judgment on a design defect claim where plaintiff incorrectly installed shock absorbers on a motorcycle. *Id*. at 485. In the present case, McFarlane is due summary judgment because it was not required to sell an extender that was incapable of being connected to an unregulated air source. Because Rodgers misused the extender in

an unforeseeable manner, i.e. applying unregulated air directly to the cylinder of the engine, McFarlane is entitled to summary judgment on the AEMLD claim.

**D. The extender was not the proximate cause of the accident.**

The extender was not the proximate cause of the accident, therefore, McFarlane is entitled to summary judgment on the AEMLD, negligence and wantonness claims. Plaintiff is required to "prove the existence of a defective condition and prove that the defect proximately caused [her] injuries.'" *Mallory v. Biomet, Inc.*, No. 2:14CV984-SRW, 2014 WL 6890740, at *4 (M.D. Ala. Dec. 4, 2014) (quoting *Taylor v. General Motors Corp.*, 707 So.2d 198, 202 (Ala.1997)). In this case, the proximate cause of Rodgers's injury was his standing the in the propeller arc when he connected unregulated air to the engine. The extender did nothing more than provide a means for delivering air to the cylinder. Because the extender was not the proximate cause of the accident, McFarlane is entitled to summary judgment.

**E. No warning was required regarding the extender.**

McFarlane is entitled to summary judgment because no warning was required to inform Rodgers, a trained and experienced mechanic, about the danger of standing in the arc of the propeller. "The use of certain products is so firmly grounded in common sense as to require no specific instructions or warnings… A warning is to inform the user of a danger of which he is not aware." *Entrekin v. Atl.*

*Richfield Co.*, 519 So. 2d 447, 450 (Ala. 1987). In *Entrekin* the court granted summary judgment because no warning was required regarding the danger of moving gears on a crane. Similarly, no warning was required by McFarlane to Rodgers regarding the danger of directly connecting unregulated air into the engine while standing in the propeller arc. McFarlane is entitled to summary judgment because no warning was required regarding the use of the extender.

**F. McFarlane is due summary judgment on Plaintiff's breach of warranty claims.**

McFarlane is entitled to summary judgment on plaintiff's breach of warranty claims because it did not breach any alleged warranty with regard to the extender. This is true because the extender was fit for its ordinary and specific purpose. *See*. *Ex parte Gen. Motors Corp.*, 769 So. 2d 903, 911 (Ala. 1999). Furthermore, Rodgers was a skilled and experienced mechanic. There is no evidence he relied on warranties by McFarlane in deciding to use the extender. Therefore, McFarlane is entitled to summary judgment on the breach of warranty claims.

**G. McFarlane is due summary judgment on the wantonness claim.**

McFarlane in entitled to summary judgment on the wantonness claim because there is no evidence that it acted with knowledge or conscious disregard for Rodgers' safety in selling the extender. In *Rodgers v. Shave Mfg. Co.*, 993 F. Supp. 1428 (M.D. Ala. 1998), the court granted summary judgment on a wantonness claim where plaintiff failed to present sufficient evidence the

manufacturer foresaw the risk of death from a posthole digger. *Id*. at 1439. In this case, there is no evidence McFarlane had knowledge that Rodgers would be injured using the extender because it was unaware of any prior similar accidents. Because McFarlane was not wanton in selling the extender, it is entitled to summary judgment on the wantonness claim.

## IV. CONCLUSION

Based on the evidence, undisputed facts, and legal argument in Defendant's Brief in Support of Motion for Summary Judgment, which are incorporated by reference, defendant McFarlane Aviation, Inc. moves this Court for summary judgment on all of Plaintiffs claims. Defendant also moves the Court for any other or different relief to which it is entitled.

*/s/ Daniel R. Pickett*
James C. Gray III (ASB-0584-R53J)
Daniel R. Pickett (ASB-9407-N59P)
Attorneys for Defendant McFarlane Aviation, Inc.

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822
jgray@lgwmlaw.com
dpickett@lgwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document to all attorneys of record by electronically filing the foregoing document with the United States District Court, Northern District of Alabama on this the **31h** day of **March**, **2016**:

Matt Abbott, Esq.
**ABBOTT LAW FIRM, LLC**
2100 Morris Avenue
Birmingham, AL 35203

Keith T. Belt, Jr., Esq.
Robert P. Bruner, Esq.
**BELT & BRUNER, PC**
Lakeshore Park Plaza, Suite 208
2204 Lakeshore Drive
Birmingham, AL 35209

Paul J. DeMarco, Esq.
J. Alex Wyatt, III, Esq.
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
P. O. Box 661228 (35266-1228)
Birmingham, AL 35216

*s/ Daniel R. Pickett*
OF COUNSEL

2454509_1